UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DONNELL RUSSELL,

                              Plaintiff,

              - against -                                         **MEMORANDUM & ORDER**
                                                                   25-CV-0984 (PKC) (LKE)
MICHAEL G. FREEDMAN, THE
FREEDMAN FIRM, and NADIA SHIHATA,

                              Defendants.
------------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

        Plaintiff Donnell Russell brings this *pro se* civil rights action against an Assistant United

States Attorney and the defense attorney who litigated his criminal proceeding in this Court.

(Dkt. 1.)  The Court grants Plaintiff's application to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915.  (Dkt. 2.)  But, for the reasons stated below, this action is hereby dismissed *sua

sponte*.

## **BACKGROUND**

        Plaintiff challenges his November 21, 2022 judgment of conviction on a single charge of

Interstate Stalking.  *See United States v. Russell*, No. 20-CR-0427 (AMD), Dkt. 34.  The Honorable

Ann M. Donnelly, who presided over Plaintiff's criminal case, denied his petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2255 ("Section 2255") on February 19, 2025.  *United States

v. Russell*, No. 20-CR-0427 (AMD), Dkt. 60.  While Plaintiff was still incarcerated pursuant to the

aforementioned criminal conviction, he filed a separate civil action in this court in which he sought

to vacate his conviction and requested release on bail while his Section 2255 petition was pending.

*See Russell v. Karmingos*, No. 23-CV-8099 (PKC) (LB), Dkt. 1.  This Court dismissed that

complaint *sua sponte* pursuant to *Preiser v. Rodriguez*, 411 U.S. 475 (1973), and *Wilkinson v.

Dotson*, 544 U.S. 74 (2005).  *See Russell v. Karamingos*, No. 23-CV-8099 (PKC) (LB), 2023

WL 7300613, at *1–2 (E.D.N.Y. Nov. 6, 2023). *Preiser* holds that "habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." *Preiser*, 411 U.S. at 488–90. Similarly, *Wilkinson* holds that civil rights actions are "barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 81–82 (2005). In the *Russell v. Karmingos* case, this Court also noted that the prosecutors and judge named in the complaint would be immune from suits for damages related to actions taken in their judicial and prosecutorial capacities. 2023 WL 7300613, at *1 n.1.

Despite the dismissals of his prior challenges, Plaintiff again seeks to challenge his conviction. He asserts that the United States District Court for the Eastern District of New York "lacked the power to adjudicate the [criminal] case" because the individual whom he was accused of threatening and stalking "never sustained any actual injury." (Compl., Dkt. 1 at ECF[1] 8.) He claims that prosecutors in the United States Attorney's Office, including Defendant Nadia Shihata, secured his indictment by presenting prejudicial and irrelevant information to the Grand Jury. (*Id.*) He alleges that his retained counsel, Defendant Michael G. Freedman, provided ineffective assistance of counsel during the criminal proceedings. (*Id.*) He claims that both individual Defendants induced him to plead guilty, a plea that he now argues was involuntary. (*Id.* at ECF 11–13.) Plaintiff asserts that these Defendants' actions violated his rights under the First, Fourth, Fifth, Sixth, and Seventh Amendments. (*Id.* at ECF 9–10.)

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

Plaintiff seeks unspecified monetary "reimbursement" for his incarceration and attorney fees and a public notice of apology. (*Id.* at ECF 6.)

## STANDARD OF REVIEW

Pursuant to the *in forma pauperis* statute, courts must dismiss a case if they determine that a complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). At the same time, federal courts give extra consideration to *pro se* plaintiffs. *In re Sims*, 534 F.3d 117, 133 (2d Cir. 2008). When determining the sufficiency of a *pro se* complaint, courts must look for the strongest arguments that the complaint suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191–93 (2d Cir. 2008). If this liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must give the plaintiff an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

A claim for violations of constitutional rights may be brought in federal court pursuant to 42 U.S.C. § 1983 ("Section 1983"). However, Section 1983 requires that a plaintiff show that the harm was "committed by a person acting under color of state law," and that the action "deprived

[the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). Section 1983 usually does not apply to claims against private individuals or private organizations. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."). "It is well-settled that private attorneys and law firms . . . do not act under color of state law and are not state actors for purposes of Section 1983 simply by virtue of their state-issued licenses to practice law." *Manko v. Steinhardt,* No. 11-CV-5430 (KAM), 2012 WL 213715, at *4 (E.D.N.Y. Jan. 24, 2012) (collecting cases); *see Polk County v. Dodson*, 454 U.S. 312, 319 (1981) ("[T]he Courts of Appeals are agreed that a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."). Plaintiff has not alleged that his former defense attorney, Michael Freedman, was acting under color of state law. Accordingly, Plaintiff's claims against Defendants Freedman and the Freedman Firm are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Defendant Nadia Shihata is named in her capacity as one of the Assistant United States Attorneys who prosecuted Plaintiff. Prosecutors are absolutely immune from civil suits for damages for acts committed as part of their official duties in prosecuting criminal cases. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); *Bouchard v. Olmstead*, 775 F. App'x 701, 702–03 (2d Cir. 2019) (summary order) (affirming dismissal of civil rights claims against prosecutors due to prosecutorial immunity). "Prosecutorial immunity from § 1983 liability is broadly defined, covering virtually all acts, regardless of motivation, associated with the prosecutor's function as an advocate." *Hill v. City of New York,* 45 F.3d 653, 661 (2d Cir.

4

1995) (cleaned up).  All of the claims against Defendant Shihata involve her prosecution of the criminal case against Plaintiff, actions which are protected by absolute immunity.  Accordingly, the claims against Defendant Shihata are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).[2]

### CONCLUSION

Plaintiff's motion to proceed *in forma pauperis* is granted solely for purposes of this Order. Plaintiff's civil rights action challenging his conviction is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).  In light of its duty to liberally construe *pro se* complaints, the Court has considered whether to grant Plaintiff leave to amend his complaint but finds that amendment would be futile.  *See Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 124–25 (2d Cir. 2011). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment and close this case and to mail a copy of this Order and the judgment to Plaintiff.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: February 27, 2025
       Brooklyn, New York

---

[2] To the extent Plaintiff is again seeking to challenge his conviction and sentence or the effectiveness of his attorney, he cannot do so via a Section 1983 action.  Plaintiff had the opportunity to, but did not, appeal his conviction, *see United States v. Russell*, No. 20-CR-0427 (AMD), 6/12/23 Docket Order, and his Section 2255 petition was denied.  *See id.*, Dkt. 60 at 5–12 (rejecting Plaintiff's ineffective-assistance-of-counsel claims and finding that counsel was not ineffective).